Lynch, J.
 

 Appeal from an order of the Supreme Court (O’Connor, J.), entered February 17, 2017 in Albany County, which determined that the parties’ pensions, retirement accounts and deferred compensation are marital property.
 

 Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 1987. On the day before their wedding, the parties, who were both married before, executed a premarital agreement (hereinafter the agreement) intended to “fix and delineate certain of their respective rights, claims and obligations” that would arise from their marriage. In June 2014, the wife commenced this action for a divorce. The parties agreed to a pretrial determination with regard to whether the parties’ pension, retirement and deferred compensation accounts were marital or separate property. Supreme Court ruled that the accounts were marital property subject to equitable distribution, and the husband now appeals.
 

 A prenuptial agreement, like any contract, will be “construed in accord with the parties’ intent, which is generally gleaned from what is expressed in [its] writing. Consequently ‘a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms’ ” (Van Kipnis v Van Kipnis, 11 NY3d 573, 577 [2008], quoting Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). It is well established that “ ‘[w]here a contract . . . employs contradictory language, specific provisions control over general provisions’ ” (Herr v Herr, 97 AD3d 961, 963 [2012], lv dismissed 20 NY3d 904 [2012], quoting Green Harbour Homeowners’ Assn., Inc. v G.H. Dev. & Constr., Inc., 14 AD3d 963, 965 [2005]).
 

 Here, the recitals evince that the agreement was intended by the parties to “settle ... all of their personal property and real property issues.” Further, the parties agreed that they were each “possessed of significant property acquired prior to their marriage.” As to the parties’ “assets and liabilities,” the agreement referenced an attached “simple combined list of property of each party” that was characterized as a “reasonable approximation of such assets and liabilities.” They also agreed that “[e]ach party represented] to the other that he or she has fully disclosed to the other his or her financial situation by the representations contained in the descriptive sheets subject only to the caveat that these descriptions were prepared informally and without reference to documentation.”
 

 In a separate provision, the parties further describe Exhibit A as “a special list of assets owned by the parties.[
 
 *
 
 ] Each of said assets (and any income, proceeds or reinvestments, repetitive or otherwise thereof) are hereby declared to be separate property of the respective parties within the meaning and intent of . . . Domestic Relations Law § 236 (B) or its subsections.” Further, “[t]he parties unequivocally and mutually agree that all property owned by the parties at the time of their marriage shall be unequivocally ‘separate property,’ including any increases thereto, whether or not by the direct or indirect contributions of either [the husband] or [the wife], alone or in conjunction with one another.” The parties further agreed that it was “the unequivocal intent of the parties that they ‘opt out’ of Domestic Relations Law § 236 (B) as respects marital property or any increases, changes, exchanges or other modifications of their ‘separate property’ even though said property or increase thereto may have occurred subsequent to their impending marriage.”
 

 The husband argues that, under the plain meaning of the terms of the agreement, his pension and deferred compensation accounts were separate property. We disagree. Exhibit A, though a “simple list,” included nine categories of assets: “A” cash accounts; “B” securities; “C” brokers margin accounts; “D” loans to others and accounts receivable from others; “E” value of any business interests; “F” cash surrender value of life insurance; “G” vehicles; “H” real estate; and “I” vested interests in trusts. In the column after categories “A”, “B” and “C” the parties wrote “NONE.” The column at category “D” identified a mortgage. Column “F” was a specific life insurance policy, the parties identified three vehicles at column “G”, and, for column “H,” the parties identified 15 separate parcels of real property.
 

 We discern no ambiguity in this prenuptial agreement. Though we are mindful that the general terms of the agreement provided that all property acquired by the parties prior to the marriage was separate property, “including any increases thereto,” the husband had both a pension and a deferred compensation account prior to the marriage and these accounts could have been identified very easily and been included with the “simple combined list” attached to the agreement. Instead, the parties simply ignored the category altogether. By failing to reference these accounts in the more specific “A,” we, like Supreme Court, find that the parties did not intend to include either as separate property (see Herr v Herr, 97 AD3d at 963).
 

 Egan Jr., J.P., Rose, Aarons and Pritzker, JJ., concur.
 

 Ordered that order is affirmed, without costs.
 

 *
 

 Counsel agreed at oral argument that the “simple combined list” and Exhibit A are one and the same document.